IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY MICHELLE HALE,

      Plaintiff,

                              Case No.      07-4003-JAR

WAL-MART STORES INC., et al.

      Defendants.

### MEMORANDUM AND ORDER

This matter comes before the court upon defendant Wal-Mart Stores, Inc. and Wal-Mart Associate, Inc.'s[1] Motion to Compel Discovery (Doc. 22) and Memorandum in Support (Doc. 23). Plaintiff has not filed a response to the instant motion, and the time to do so has passed.[2] Generally, "[t]he failure to file a brief or response within the time specified with Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[3]

---

[1] For the purposes of this motion, the court will refer to these two defendants as "the Wal-Mart defendants."

[2] *See* D. Kan. 6.1(d)(1). To the extent that defendants' motion seeks dispositive relief in the form of striking plaintiff's complaint, pursuant to D. Kan. 6.1(d)(2) plaintiff's response period had also passed.

[3] *See* D. Kan. Rule 7.4

**I.     Background**

Defendants removed the instant action on January 4, 2007.  On January 9, 2007 the undersigned set a telephone scheduling conference (Doc. 5) which took place on February 20, 2007. On June 29, 2007 defendant Custom Deli filed a motion to extend its deadline to designate expert witnesses[4] and on July 2, 2007, the Wal-Mart defendants followed, filing a motion seeking similar relief.[5]  Both motions explained that defendants had been unable to depose plaintiff and obtain medical records necessary to designate their own experts.  Plaintiff did not file a response to either motion, and as a result, the court granted both motions.[6]

Defendant Custom Deli and the Wal-Mart defendants also filed separate motions seeking to extend the Rule 35 examination deadline on July 16, 2007[7] and to amend the scheduling order on July 30, 2007.[8]  Plaintiff did not file a response to any of these motions, and the court granted all four motions in substantive part.[9]  Before the court granted the defendants' motions to amend the

---

[4]*See* Motion to Extend (Doc. 13).

[5]*See* Motion to Extend (Doc. 15).

[6]*See* Order (Doc. 21) (granting Motion to Extend (Doc. 13) and Motion to Extend (Doc 15)).  In the court's order, the court granted the Wal-Mart defendants' requested extension, but noted that the Wal-Mart defendants' motion was untimely.  However, because plaintiff failed to oppose the motion, the court extended Wal-Mart defendants' deadline to designate experts anyway.

[7]*See* Motion to Extend (Doc. 16); Motion to Extend (Doc. 17).

[8]*See* Motion to Amend Scheduling Order (Doc. 19); Motion to Amend Scheduling Order (Doc. 20).

[9]*See* Order (Doc. 21)(granting Motion to Extend (Doc. 16) and Motion to Extend (Doc. 17) and noting that plaintiff had failed to file a response to either motion); Order (Doc. 25)(granting Motion to Amend Scheduling Order (Doc. 19) and Motion to Amend Scheduling Order (Doc. 20) and noting that plaintiff had failed to file a response to either motion).

scheduling order, the Wal-Mart defendants filed the instant motion to compel discovery.

The instant motion informs that plaintiff has not responded to the Wal-Mart defendants' opening Interrogatories and First Request for Production served on plaintiff on June 19, 2007.[10] The instant motion also notes that plaintiff has failed to avail herself for an Independent Medical Examination, pursuant to Rule 35, and has generally "failed to cooperate in any manner for the advancement and prosecution of this litigation."[11]

As a result, the instant motion asks the court to strike plaintiff's complaint in its entirety, dismiss this action with prejudice, with plaintiff to bear costs, and that plaintiff be ordered to pay reasonable attorneys' fees and costs resulting from her failure to timely respond to discovery. Alternatively, defendants Wal-Mart ask the court to compel plaintiff to provide full and complete answers, without objections, to the Wal-Mart defendants' Opening Interrogatories and First Request for Production fo Documents (including executing medical and employment authorizations.[12]

**II.    Standard**

Plaintiff has not filed a response to the pending motion and the time to do so, pursuant to D. Kan. 6.1(d) has passed. Normally, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[13]

Fed. Rule. Civ. P. 33(b)(3) states in pertinent part "[t]he party upon whom the interrogatories

---

[10]Motion to Compel (Doc. 22) at p. 1. *See also id.* at (Exhibit A)(First Request for Production and First Interrogatories).

[11]*Id.*

[12]*Id.*

[13]*See* D. Kan. Rule 7.4

have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." So too, Fed. Rule Civ. P. 34, governing requests for production of documents, provides in pertinent part that "[t]he party upon whom the request is served shall serve a written response within 30 days after the service of the request." With respect to an objection or a failure to respond to an interrogatory or request for production, Rule 33(b)(5) and Rule 34(b) also allows the party submitting the interrogatory or request to move for an order to compel pursuant to Rule 37(a).

As to sanctions, Rule 37(d) provides in part

[i]f a party …fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and © of subdivision (b)(2) of this rule. …In lieu of any order or in addition thereto, the court shall require the party failing to actor the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In turn, Rule 37(b)(2)(C) allows the court to issue "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

While the court has discretion in selecting the appropriate sanction, such discretion "is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery."[14] The Tenth Circuit has articulated "a number of factors that may inform the court's discretion in determining whether dismissal is an appropriate sanction"

---

[14]*The Proctor & Gamble Co. v. Haugen*, 472 F.3d 727, 737 (10th Cir. 2005)(quoting *Ehrehaus v. Reynolds*, 965 F.2d 916, 9210 (10th Cir. 1992)).

including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[15]

These factors are "not exhaustive"[16], do not constitute a "rigid test"[17] and are not necessarily of equal weight.[18] Dismissal is appropriate if the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits."[19] However, "because dismissal with prejudice defeats altogether a litigant's right of access to the courts, it should be used as a weapon of last, rather than first, resort."[20] Because of its severity, dismissal with prejudice applies to instances involving "willfulness, bad faith, or [some] fault" by the party to be sanctioned.[21]

**III.    Discussion**

First, the court notes that subsequent to defendants' filing of the instant motion, and upon motion of all defendants, the court extended the parties' pretrial deadlines, including plaintiff's Rule 35 examination deadline. Specifically, all discovery is now to be completed by November 30, 2007

---

[15] *Chavez v. City of Albuquerque*, 402 F.3d at 1044 (citing *Ehrehaus*, 965 F.2d at 921).

[16] *Id.*

[17] *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

[18] *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)(citing *Chavez*, 402 F.3d at 1044).

[19] *Id*. (citing *Ehrenhaus*, 956 F.2d at 921).

[20] *Ehrenhaus*, 956 F.2d at 920.

[21] *Chavez*, 402 F.3d at 1044.

and any independent medical examination is to be completed by October 12, 2007.[22]

In amending the parties' scheduling order the court provided plaintiff with yet another opportunity to prosecute her claims. As such, it would make little sense to have extended discovery, based upon the request of the defendants, but now strike plaintiff's complaint before allowing plaintiff to attempt to meet the new deadlines set by the undersigned. However, if plaintiff continues to ignore the court's deadlines, the court will consider imposition of sanctions up to and including recommending the entry of a default judgment.

However, it is clear that plaintiff's failure to respond within 30 days to defendants' First Set of Interrogatories and Requests for Production violates Rules 33 and 34. Yet, the court finds dismissal of plaintiff's claims with prejudice constitutes an inappropriate initial sanction for plaintiff's failure to respond to the Wal-Mart defendants' outstanding discovery. Specifically, considering the court's recent extension of the parties' pretrial deadlines, the degree of actual prejudice to the Wal-Mart defendants and interference with the judicial process has proven minimal, so far. Moreover, the court has not previously warned plaintiff that dismissal of her action is a likely sanction for noncompliance[23] and the court has not yet tested the efficacy of lesser sanctions.

Pursuant to D. Kan. Rule 7.4, and despite repeated communications to plaintiff's counsel from defendants' counsel attempting to obtain the outstanding discovery[24], the instant motion is

---

[22]*See* Amended Scheduling Order (Doc. 24).

[23]However, the instant memorandum and order puts plaintiff on notice that any continued disregard for the court's orders and failure to prosecute her claims could result in dismissal of this action.

[24] The court has reviewed defendants' recitation of attempts to confer regarding the discovery requests at issue and finds that defendant adequately satisfied the requirements of D. Kan. Rule 37.2 prior to filing the instant motion to compel.

6

uncontested. Because plaintiff failed to timely respond to defendants' motion to compel, the court is left without any explanation for plaintiff's failure to respond to defendants' outstanding discovery requests and can only conclude that plaintiff has violated Fed. R. Civ. P. 33 and 34. As such, the court will require plaintiff Hale to respond "fully and completely" to the Wal-Mart defendants' First Set of Interrogatories and Requests for Production, served on June 19, 2007, by eleven (11) days from the issuance of this order.[25] Again, the court warns plaintiff that failure to comply with this order may result in the imposition of sanctions, up to and including, entry of default judgment against plaintiff.

Rule 37(a)(4)(C) provides in part that: "[i]f the motion is granted in part and denied in part, the court . . . *may*, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[26]

Plaintiff has failed to respond to defendants' discovery requests, even after defendants made a good faith effort to obtain responses without court intervention. Furthermore, plaintiff has provided no justification for her failure to respond to the requested discovery. Accordingly, the

---

[25]*See e.g., Dougherty v. City of Stockton*, 2006 U.S. Dist. LEXIS 38591 (D. Kan. June 7, 2006)(requiring plaintiff, also represented by Mr. Neil A. Dean, to provide full and complete responses to outstanding discovery requests when plaintiff had failed to respond to defendants' outstanding discovery and failed to respond to defendants' motion to compel); *United States v. $49,888.00 in United States Currency*, No. 06-1232-KMH (D. Kan. June 19, 2007)(discussing the court's previous order requiring claimant to "fully and completely" respond to the moving-party interrogatories and production requests or face imposition of sanctions up to and including entry of default judgment.").

[26]Under Rule 37, the "opportunity to be heard" does not require an actual hearing, and the court "may consider the issue of expenses 'on written submissions." *Cardenas v. Dorel Juvenile Group. Inc*., 231 F.R.D. 616, 622 (D. Kan. 2005) (citations omitted). This requirement is met, as in the present case, when "the moving party requests expenses in its motion or supporting brief and the opposing party is given the opportunity to submit a brief in response." *Id.*

court will order plaintiff to show cause why sanctions should not be imposed for her failure to provide the discovery requested.

Accordingly, and for good cause shown,

IT IS THEREFORE ORDERED Wal-Mart Stores, Inc. and Wal-Mart Associate, Inc.'s Motion to Compel Discovery (Doc. 22) is granted in part and denied in part.

IT IS THEREFORE ORDERED that by eleven (11) days from the issuance of this order, plaintiff shall provide full and complete responses the Wal-Mart defendants' First Set of Interrogatories and First Request for Production of Documents.

IT IS FURTHER ORDERED that plaintiff shall SHOW CAUSE to the court, in writing, within eleven (11) days of the issuance of this order, why she or her counsel should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for her failure to provide the requested discovery. Counsel for the Wal-Mart defendants is directed to submit an affidavit to the court, providing an accounting of defendants' attorney's fees and expenses related to the filing of the instant motion by the same date.

IT IS SO ORDERED.

Dated this 7th day of September, 2007, at Topeka, Kansas.

\

                               s/ K. Gary Sebelius
                               K. GARY SEBELIUS
                               United States Magistrate Judge