IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRICE MICHELLE HALE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 07-4003-JAR |
| ) | |
| WAL-MART STORES, INC. ) | |
| WAL-MART ASSOCIATES, INC.; ) | |
| And CUSTOM DELI'S, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon defendant Custom Deli's Motion to Compel (Doc. 27) and Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc.'s ("the Wal-Mart defendants") Motion for Sanctions (Doc. 29). Plaintiff has not filed a response to either motion, and the time to do so has passed.[1]

### I.   **Background**

Defendants removed the instant action on January 4, 2007. On February 20, 2007, counsel for all parties participated in a telephone scheduling conference with the court at which time deadlines were established for the completion of pretrial activities as reflected in the Scheduling Order (Doc. 9). On June 29, 2007, defendant Custom Deli filed a motion to extend its deadline to designate expert witnesses[2] and on July 2, 2007, the Wal-Mart defendants followed, filing a motion

---

[1] D. Kan. 6.1(d).

[2] *See* Motion to Extend (Doc. 13).

seeking similar relief.[3]  Both motions explained that defendants had been unable to depose plaintiff and obtain medical records necessary to designate their own experts.  Plaintiff did not file a response to either motion, and as a result, the court granted both motions.[4]

Defendant Custom Deli and the Wal-Mart defendants also filed separate motions seeking to extend the Rule 35 examination deadline on July 16, 2007[5], and to amend the scheduling order on July 30, 2007.[6]  These motions asserted that plaintiff had failed to participate in any meaningful way in discovery, other than to provide a few medical records, and as a result, defendants sought to extend all outstanding pretrial deadlines.  As plaintiff did not file a response to any of these motions, the court granted all four motions and extended the parties' remaining pretrial deadlines.[7]

On August 14, 2007, the Wal-Mart defendants filed a Motion to Compel[8] informing the court that plaintiff has not responded to the Wal-Mart defendants' opening Interrogatories and First Request for Production served on plaintiff on June 19, 2007.[9]  The motion also noted that plaintiff had failed to make herself available for an Independent Medical Examination, pursuant to Rule 35,

---

[3]*See* Motion to Extend (Doc. 15).

[4]*See* Order (Doc. 21) (granting Motion to Extend (Doc. 13) and Motion to Extend (Doc 15)).

[5]*See* Motion to Extend (Doc. 16); Motion to Extend (Doc. 17).

[6]*See* Motion to Amend Scheduling Order (Doc. 19); Motion to Amend Scheduling Order (Doc. 20).

[7]*See* Order (Doc. 21)(granting Motion to Extend (Doc. 16) and Motion to Extend (Doc. 17) and noting that plaintiff had failed to file a response to either motion); Order (Doc. 24)(granting Motion to Amend Scheduling Order (Doc. 19) and Motion to Amend Scheduling Order (Doc. 20) and noting that plaintiff had failed to file a response to either of these motion).

[8]*See* Motion to Compel (Doc. 22).

[9]*Id.* at (Exhibit A)(First Request for Production and First Interrogatories).

and had generally "failed to cooperate in any manner for the advancement and prosecution of this litigation."[10]

On September 7, 2007, the court granted in part and denied in part the Wal-Mart defendants' Motion to Compel.[11] The court declined to strike plaintiff's complaint, as advocated by defendants, for failure to participate in discovery, but warned that "if plaintiff continues to ignore the court's deadlines, the court will consider imposition of sanctions up to and including recommending the entry of a default judgment."[12] However, the court granted the Wal-Mart defendants' motion to the extent is sought full and complete responses to their First Set of Interrogatories and First Request for Production of Documents and required plaintiff to so respond within eleven days of the order. Additionally, the court ordered plaintiff to show cause "why she or her counsel should not be taxed with defendants' reasonable attorney's fees and expenses in filing the instant motion to compel as a sanction for her failure to provide the requested discovery."[13] The court also directed counsel for the Wal-Mart defendants "to submit an affidavit to the court, providing an accounting of defendants' attorney's fees and expenses related to the filing of the instant motion[.]"[14]

Also on September 7, 2007, but after the undersigned filed the its Memorandum and Order disposing of the Wal-Mart defendants' Motion to Compel, defendant Custom Deli filed its own Motion to Compel (Doc. 27) currently pending before the court. Custom Deli explained that on

---

[10]*Id.*

[11]*See* Memorandum and Order (Doc. 26).

[12]*Id.* at p. 6, 7.

[13]*Id.* at p. 8.

[14]*Id.*

3

April 16, 2007, it served plaintiff with interrogatories and document requests and as of the filing of their motion "no answers, objections or response of any kind to the written discovery have been received from Plaintiff." Custom Deli sent a single letter on August 14, 2007 advising that the discovery requests were overdue.[15] Custom Deli's Motion to Compel incorporates the arguments offered by defendants Wal-Mart in their motion to compel, but did not include, as the Wal-Mart defendants had, any copies of the written discovery sought to be compelled. As of this date, plaintiff has not responded to Custom Deli's motion.

Counsel for the Wal-Mart defendants, Marcos A. Barbosa, timely filed his affidavit listing the Wal-Mart defendants' attorney fees related to the Wal-Mart defendants' Motion to Compel. Plaintiff, however, did not respond the court's Show Cause order.

On September 24, 2007, the Wal-Mart defendants filed a Motion for Sanctions stating that plaintiff had failed to timely produce written discovery as ordered by this court.[16] As a result, the Wal-Mart defendants ask the court to assess reasonable fees and costs associated with the expenses incurred in having to file the Motion to Compel discovery (Doc. 22) in amount of $675.00[17] and to dismiss plaintiff's claims against the Wal-Mart defendants. Plaintiff also has failed to respond to the present motion.

---

[15]*See* Motion to Compel (Doc. 27) at (Exhibit A).

[16]*See* Motion for Sanctions (Doc. 29); Memorandum in Support (Doc. 30).

[17]*See* Affidavit of Marcos A. Barbosa (Doc. 28) at (Exhibit A).

**II.     Custom Deli's Motion to Compel (Doc. 27).**

**A.     Failure to Attach Discovery at Issue**

D. Kan. R. 37.1(a) provides:

Motions under Fed. R. Civ. P. 26(c) or 37(a) directed at depositions, interrogatories, requests for production or inspection, or requests for admissions under Fed. R. Civ. P. 30, 33, 34 or 36, or at the responses thereto, *shall* be accompanied by copies of the notices of depositions, the portions of the interrogatories, requests or responses in dispute.[18]

Defendant's motion to compel was not accompanied by copies of the discovery requests for which it is seeking to compel answers. Because defendant Custom Deli has not attached these discovery requests, the court is unable to ascertain, and will not speculate, as to whether the requested discovery is appropriate.

**B.     Reasonable Effort to Confer**

Fed. R. Civ. P. 37(a)(2)(B) provides that a motion to compel must include, "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  D. Kan. Rule 37.2 provides in part: "The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing a motion. Every certification required by Fed. R. Civ. P. . . 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issue in dispute. A 'reasonable effort to confer' means more than mailing or

---

[18](Emphasis added).

5

faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate or in good faith attempt to do so."

Defendant's motion to compel falls short of this standard. Defendant accompanied its motion with a copy of a letter sent to plaintiff's counsel on August 14, 2007, but as the D. Kan. Rule 37.2 clearly states, this alone is not sufficient to demonstrate a reasonable effort to confer.

Because defendant's motion is not in compliance with D. Kan. Rules 37.1(a) or 37.2 the court will deny defendant Custom Deli's Motion to Compel without prejudice. The parties should not consider the court's order as condoning plaintiff's tardiness and lack of participation in the discovery process.

### III.   Motion for Sanctions (Doc. 29).

Plaintiff has not filed a response to the Wal-Mart defendants' Motion for Sanctions (Doc. 29) seeking dismissal of this action under the time outlined in D. Kan. Rule 6.1(d). Normally, "[t]he failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[19]

Rule 37(d) provides in part

> [i]f a party …fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of

---

[19]*See* D. Kan. Rule 7.4

> subdivision (b)(2) of this rule. …In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

In turn, Rule 37(b)(2)(C) allows the court to issue "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

Here, plaintiff has failed to respond to the court's SHOW CAUSE order and has failed to timely produce written discovery to the Wal-Mart defendants in direct violation of this court's order. Indeed, in light of defendant Custom Deli's Motion to Compel, plaintiff also has failed to provide Custom Deli with written discovery. Additionally, by all appearances plaintiff failed to comply with the Amended Scheduling Order of this court by not participating in the parties' pretrial activities.

In light of plaintiff's repeated failures to participate in discovery and comply with orders of the court, as well as plaintiff's counsel's failure to communicate with opposing counsel and the court, it can only conclude that plaintiff and her counsel are not serious about prosecution of this case and are not willing to comply with their obligations under the Federal Rules of Civil Procedure and the rules and orders of this court. Indeed, the court notes that this is not the first instance where plaintiff's counsel has failed to participate in discovery.[20]

---

[20] *See* e.g., *Dougherty v. City of Stockton*, No. 05-4145-SAC, 2006 U.S. Dist. LEXIS 61714 (D. Kan. August 29, 2006)(the Honorable Sam A. Crow dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 37(b)(2)(C)); *Hernandez v. Goodwin*, No. 04-4153-SAC, 2005 U.S. Dist. LEXIS 38325 (D. Kan. Dec. 13, 2005)(the Honorable Sam A. Crow dismissing plaintiff's complaint and adopting the undersigned's report and recommendation to dismiss the case for plaintiff's failure to appear at his properly noticed deposition); *Wesley v. MP Next Level*, LLC, No. 06-4070-SAC, (Doc. 30)(referring the undersigned for report and recommendation regarding defendants' Motion to Dismiss Plaintiff's Complaint for Discovery Violations).

**IT IS THEREFORE ORDERED** that defendant Custom Deli's Motion to Compel (Doc. 27) is hereby denied without prejudice. Any renewed Motion to Compel by Custom Deli related to the written discovery at issue shall be filed within eleven (11) days of this order.

**IT IS FURTHER ORDERED** that plaintiff shall pay to the Wal-Mart defendants' counsel $617.50 within twenty (20) days of the date of this order for fees and expenses incurred in filing their Motion to Compel.[21]

**IT IS FURTHER ORDERED** that plaintiff shall **SHOW CAUSE**, in writing, on or before **December 21, 2007,** to the Honorable Julie A. Robinson, United States District Judge, why this case should not be dismissed as to the Wal-Mart defendants, pursuant to Fed. R. Civ. P. 37(b)(2)(C), as a result of plaintiff's failure to participate in discovery and to comply with orders (Docs. 24 & 26) of the court.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[21]Upon review of the Fee Statement of counsel, the court excluded the entries made on July 23, 2007 and August 22, 2007 as not related to the fees and expenses incurred in filing the Wal-Mart defendants' Motion to Compel (Doc. 22).