IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRICE MICHELLE HALE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 07-4003-JAR |
| ) | |
| WAL-MART STORES, INC. ) | |
| WAL-MART ASSOCIATES, INC.; ) | |
| and CUSTOM DELI'S, INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon defendant Custom Deli's Renewed Motion to Compel Discovery (Doc. 32). Plaintiff has not filed a response, and the time to do so has passed.[1]

**I.      Background**

Defendants removed the instant action on January 4, 2007. On February 20, 2007, counsel for all parties participated in a telephone scheduling conference with the court at which time deadlines were established for the completion of pretrial activities as reflected in the Scheduling Order (Doc. 9). On June 29, 2007, defendant Custom Deli filed a motion to extend its deadline to designate expert witnesses[2] and on July 2, 2007, the Wal-Mart defendants followed, filing a motion seeking similar relief.[3] Both motions explained that defendants had been unable to depose plaintiff

---

[1] *See* D. Kan. 6.1(d). Considering the instant motion seeks dismissal as a potential sanction, out of an abundance of caution, the court construed the instant motion as dispositive and thus allowed plaintiff twenty-three days to respond, rather than fourteen.

[2] *See* Motion to Extend (Doc. 13).

[3] *See* Motion to Extend (Doc. 15).

and obtain medical records necessary to designate their own experts. Plaintiff did not file a response to either motion, and as a result, the court granted both motions.[4]

Defendant Custom Deli and the Wal-Mart defendants also filed separate motions seeking to extend the Rule 35 examination deadline on July 16, 2007[5], and to amend the scheduling order on July 30, 2007.[6] These motions asserted that plaintiff had failed to participate in any meaningful way in discovery, other than to provide a few medical records, and as a result, defendants sought to extend all outstanding pretrial deadlines. As plaintiff did not file a response to any of those motions, the court granted all four motions and extended the parties' remaining pretrial deadlines.[7]

On August 14, 2007, the Wal-Mart defendants filed a Motion to Compel[8] informing the court that plaintiff has not responded to the Wal-Mart defendants' opening Interrogatories and First Request for Production served on plaintiff on June 19, 2007.[9] The motion also noted that plaintiff had failed to make herself available for an independent medical examination, pursuant to Rule 35,

---

[4]*See* Order (Doc. 21) (granting Motion to Extend (Doc. 13) and Motion to Extend (Doc 15)).

[5]*See* Motion to Extend (Doc. 16); Motion to Extend (Doc. 17).

[6]*See* Motion to Amend Scheduling Order (Doc. 19); Motion to Amend Scheduling Order (Doc. 20).

[7]*See* Order (Doc. 21)(granting Motion to Extend (Doc. 16) and Motion to Extend (Doc. 17) and noting that plaintiff had failed to file a response to either motion); Order (Doc. 24)(granting Motion to Amend Scheduling Order (Doc. 19) and Motion to Amend Scheduling Order (Doc. 20) and noting that plaintiff had failed to file a response to either of these motion).

[8]*See* Motion to Compel (Doc. 22).

[9]*Id.* at (Exhibit A)(First Request for Production and First Interrogatories).

and had generally "failed to cooperate in any manner for the advancement and prosecution of this litigation."[10]

On September 7, 2007, the court granted in part and denied in part the Wal-Mart defendants' Motion to Compel.[11] The court declined to strike plaintiff's complaint, as advocated by defendants, for failure to participate in discovery, but warned that "if plaintiff continues to ignore the court's deadlines, the court will consider imposition of sanctions up to and including recommending the entry of a default judgment."[12] However, the court granted the Wal-Mart defendants' motion to the extent is sought full and complete responses to their First Set of Interrogatories and First Request for Production of Documents and required plaintiff to show cause why she should not be taxed with the reasonable attorney fees and expenses related to the filing of the Wal-Mart defendants' motion.[13]

Also on September 7, 2007, but after the undersigned filed the Memorandum and Order disposing of the Wal-Mart defendants' Motion to Compel, defendant Custom Deli filed its own Motion to Compel (Doc. 27). Custom Deli explained that on April 16, 2007, it served plaintiff with interrogatories and document requests and as of the filing of their motion "no answers, objections or response of any kind to the written discovery have been received from Plaintiff." Custom Deli sent a single letter on August 14, 2007 advising that the discovery requests were overdue.[14] Custom Deli's Motion to Compel incorporated the arguments offered by defendants Wal-Mart in their

---

[10]*Id.*

[11]*See* Memorandum and Order (Doc. 26).

[12]*Id.* at p. 6, 7.

[13]*Id.* at p. 8.

[14]*See* Motion to Compel (Doc. 27) at (Exhibit A).

motion to compel, but did not include, as the Wal-Mart defendants had, any copies of the written discovery sought to be compelled. Plaintiff failed to respond to defendant Custom Deli's Motion to Compel.

Counsel for the Wal-Mart defendants, Marcos A. Barbosa, timely filed his affidavit listing the Wal-Mart defendants' attorney fees related to the Wal-Mart defendants' Motion to Compel. Plaintiff, however, did not respond the court's Show Cause order.

On September 24, 2007, the Wal-Mart defendants filed a Motion for Sanctions stating that plaintiff had failed to timely produce written discovery as ordered by this court.[15] As a result, the Wal-Mart defendants ask the court to assess reasonable fees and costs associated with the expenses incurred in having to file the Motion to Compel discovery (Doc. 22) in the amount of $675.00[16] and to dismiss plaintiff's claims against the Wal-Mart defendants. Again, plaintiff failed to respond to the Wal-Mart defendants' motions.

On November 30, 2007, the court denied Custom Deli's Motion to Compel (Doc. 27) without prejudice, and required any subsequent Motion to Compel to be filed in accordance with D. Kan. Rule 37.1(a) and 37.2. In the same Memorandum and Order the court granted the Wal-Mart defendants' motion for sanctions and required plaintiff to show cause on or before December 21, 2007 as to why plaintiff's case should not be dismissed for failure to participate in discovery and failure to comply with the court's previous orders. Upon the court's review of the docket plaintiff has not responded to this show cause order.

---

[15]*See* Motion for Sanctions (Doc. 29); Memorandum in Support (Doc. 30).

[16]*See* Affidavit of Marcos A. Barbosa (Doc. 28) at (Exhibit A).

On December 10, 2007, Custom Deli filed the instant renewed Motion to Compel (Doc. 32) and included the discovery sought to compelled in compliance with D. Kan. Rule 37.1(a)[17] and detailed its attempt to confer in good faith with plaintiff prior to the filing of the instant motion as required by D. Kan. 37.2.[18]

Plaintiff has not filed a response to defendant Custom Deli's Motion to Compel (Doc. 32) seeking dismissal of this action under the time outlined in D. Kan. Rule 6.1(d).  Normally, "[t]he failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to filed such a brief or response, except upon a showing of excusable neglect. . . .  If a respondent fails to file a response within the time required by Rule 6.1(d) the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[19]

**Standard**

Rule 37(d) provides in part:

[i]f a party …fails to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. …In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

---

[17]Memorandum in Support (Doc. 33) at (Exhibit A).

[18]*Id.* at (Exhibits D).

[19]*See* D. Kan. Rule 7.4

In turn, Rule 37(b)(2)(C) allows the court to issue "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

**Discussion**

Here, plaintiff has failed to respond to either of the court's SHOW CAUSE orders (Docs. 26 and 31) and has failed to produce written discovery to both the Wal-Mart defendants and to defendant Custom Deli. Additionally, by all appearances plaintiff failed to comply with the Amended Scheduling Order of this court by not participating in the parties' pretrial activities. In fact, plaintiff's counsel are not current on their annual registration dues for this District despite frequent email notifications from the Clerk's office. Counsel for plaintiff does not appear on the active registration roll for the State of Kansas either. Moreover, the court's recent attempts at communication have proved unsuccessful as plaintiff's counsel's telephone is disconnected and their email addresses non-functioning.

In light of plaintiff's repeated failures to participate in discovery and comply with orders of the court, as well as plaintiff's counsel's failure to communicate with opposing counsel and the court, the undersigned can only conclude that plaintiff and her counsel are not serious about prosecution of this case and are not willing to comply with their obligations under the Federal Rules of Civil Procedure and the rules and orders of this court. Indeed, the court notes that this is not the first instance where plaintiff's counsel has failed to participate in discovery.[20]

---

[20]*See* e.g., *Dougherty v. City of Stockton*, No. 05-4145-SAC, 2006 U.S. Dist. LEXIS 61714 (D. Kan. August 29, 2006)(the Honorable Sam A. Crow dismissing plaintiff's complaint pursuant to Fed. R. Civ. P. 37(b)(2)(C)); *Hernandez v. Goodwin*, No. 04-4153-SAC, 2005 U.S. Dist. LEXIS 38325 (D. Kan. Dec. 13, 2005)(the Honorable Sam A. Crow dismissing plaintiff's complaint and adopting the undersigned's report and recommendation to dismiss the case for

Accordingly,

**IT IS THEREFORE ORDERED** that defendant Custom Deli's Motion to Compel (Doc. 32) is granted.

**IT IS FURTHER ORDERED** that plaintiff shall **SHOW CAUSE**, in writing, on or before **January 23, 2008,** to the Honorable Julie A. Robinson, United States District Judge, why this case should not be dismissed as to the defendant Custom Deli, pursuant to Fed. R. Civ. P. 37(b)(2)(C), as a result of plaintiff's failure to participate in discovery and to comply with orders of the court.

**IT IS SO ORDERED.**

Dated this 7th day of January, 2008, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

plaintiff's failure to appear at his properly noticed deposition); *Wesley v. MP Next Level*, LLC, No. 06-4070-SAC, (Doc. 30)(referring the undersigned for report and recommendation regarding defendants' Motion to Dismiss Plaintiff's Complaint for Discovery Violations).